**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **LAURA L. PFORTS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | **Civil Action Number:** |
| **ADVANCED ORAL AND** | : | |
| **MAXILLOFACIAL SURGERY, P.C.** | : | |
| **d/b/a EAST COBB ORAL SURGERY and** | : | |
| **DANIEL P. BRUNNER,** | : | |
| | : | |
| **Defendants.** | : | |

**COMPLAINT**

Plaintiff, Laura L. Pforts, (hereafter "Plaintiff") by and through the undersigned

counsel, brings this Complaint against Defendants Advanced Oral and Maxillofacial

Surgery, P.C. d/b/a East Cobb Oral Surgery (hereafter "East Cobb") and Daniel P.

Brunner (hereafter "Brunner") and pleads as follows:

**INTRODUCTION**

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as

amended) (29 U.S.C. § 201 *et seq.*), herein after "the FLSA" to recover (1) the overtime

pay that was denied her, (2) an additional amount as liquidated damages, and (3) her

costs of litigation, including her reasonable attorneys' fees.

- 1 -

2.

In addition to her federal cause of action, Plaintiff asserts pendent state law claims for breach of contract, which arose out of the same set of operating facts as her federal claims.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the instant case under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331 because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiff's state law breach of contract claim set forth herein in accordance with 28 U.S.C. §1367 because the state law claim is so related to the federal claim that it forms part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because East Cobb is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

6.

Plaintiff resides within Cobb County, Georgia.

7.

From December 5, 2007 until February 13, 2012 (hereafter "the relevant time period"), East Cobb employed Plaintiff as a Receptionist in and around 3535 Roswell Road, Suite 27, Marietta, Georgia.

8.

During the relevant time period, Plaintiff was an "employee" of East Cobb as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

During the relevant time period, Plaintiff was "engaged in commerce" as an employee of East Cobb as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

East Cobb is a corporation organized under the laws of the State of Georgia.

11.

During the relevant time period, East Cobb was an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

During the relevant time period, East Cobb was an "enterprise engaged in commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2009, East Cobb had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2010, East Cobb had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2011, East Cobb had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, East Cobb had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2009, East Cobb had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2010, East Cobb had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2011, East Cobb had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, East Cobb had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2009, East Cobb had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2010, East Cobb had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2011, East Cobb had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2012, East Cobb had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

During the relevant time period, East Cobb has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

26.

East Cobb is subject to the personal jurisdiction of this Court.

27.

East Cobb may be served with process through its Registered Agent, Daniel P. Brunner, M.D., D.D.S., at 8 Colonial Club Drive, Acworth, Cobb County, Georgia.

28.

Brunner resides within Cobb County, Georgia.

29.

During the relevant time period, Brunner exercised operational control over the work activities of Plaintiff.

30.

During the relevant time period, Brunner was involved in the day to day operation of the office in which Plaintiff worked.

31.

During the relevant time period, East Cobb vested Brunner with supervisory authority over Plaintiff.

32.

During the relevant time period, Brunner exercised supervisory authority over Plaintiff.

33.

During the relevant time period, Brunner scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

34.

During the relevant time period, Brunner exercised authority and supervision over Plaintiff's compensation.

35.

During the relevant time period, Brunner was an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

36.

Brunner is subject to the personal jurisdiction of this Court.

37.

Brunner may be served with process at 8 Colonial Club Drive, Acworth, Cobb County, Georgia.

38.

During the relevant time period, Plaintiff did not have a primary duty of performing work that was directly related to the management or general business of East Cobb or East Cobb's customers.

39.

During the relevant time period, Plaintiff did not have a primary duty that included the exercise of discretion with respect to matters of significance.

40.

During the relevant time period, Plaintiff did not have a primary duty included the exercise of independent judgment with respect to matters of significance.

41.

During the relevant time period, Plaintiff was not exempt from the payment of an overtime premium pursuant to 29 USC § 213.

## COUNT I — FAILURE TO PAY OVERTME

42.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

43.

During the relevant time period, Plaintiff was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

44.

During the relevant time period, Plaintiff regularly worked for Defendants in excess of forty (40) hours each week.

45.

Defendants failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) hours in any week from February 13, 2009 through February 13, 2012.

46.

Defendants willfully failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) hours in any week from February 13, 2009 through February 13, 2012.

47.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

48.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

49.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II – BREACH OF CONTRACT AS TO EAST COBB**

50.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

51.

Plaintiff and East Cobb were parties to a contract of employment (hereafter "the Contract") during the relevant time period.

52.

The Contract provided that in addition to her regular pay, East Cobb would pay Plaintiff a bonus for work that was performed by Plaintiff on behalf of and for the benefit of East Cobb in any month when East Cobb exceeded certain performance criteria.

53.

East Cobb exceeded said performance criteria in January, 2012.

54.

Plaintiff earned a bonus of $2,000.00 pursuant to the Contract for work she performed for East Cobb in January, 2012.

55.

East Cobb failed to pay Plaintiff said bonus.

56.

East Cobb's failure to pay Plaintiff a bonus in the amount of $2,000.00 for work performed in January, 2012 constitutes a material breach of the Contract.

57.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT III – BREACH OF CONTRACT AS TO EAST COBB**

58.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

59.

The Contract provided that Plaintiff could use accrued vacation time to replace time lost due to illness or injury.

60.

In the week ending February 11, 2012, Plaintiff lost four days of work due to illness.

61.

East Cobb has unilaterally and arbitrarily denied Plaintiff the use of 32 hours of her accrued vacation time to replace this time lost due to illness.

62.

East Cobb's failure to allow Plaintiff to use 32 hours of vacation time to replace time lost due to illness constitutes a material breach of the Contract.

63.

As the direct and foreseeable result of this breach, Plaintiff has sustained damages in an amount to be proved at trial.

WHEREFORE, Plaintiff respectfully prays:

1.  As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2.  As to Counts II and III, that Plaintiff have and recover judgment against East Cobb for the breach of contract claim herein asserted in an amount to be proved at trial;

3.  That Plaintiff be awarded her costs of litigation, including her reasonable attorneys' fees from Defendants under the FLSA and O.C.G.A. § 13-6-11; and

4.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

*DELONG CALDWELL BRIDGERS*
*& FITZPATRICK, LLC*


*/S/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

/S/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF